Judge Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RANDALL TAUFETE'E,<br><br>Defendant. | NO. CR23-5000BHS<br><br>**PLEA AGREEMENT** |

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorney Marci L. Ellsworth of the Western District of Washington and Randall Taufete'e and Taufete'e's attorney Allyson Barker enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A).

1. **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters pleas of guilty to the following charges contained in the Indictment:

    a. Arson, as charged in Count 1, in violation of Title 18, United States Code, Sections 844(i) and 2; and

Plea Agreement - 1
*United States v. Taufete'e*, CR23-5000BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

        b.     Attempted Burglary of a Federally Insured Credit Union, as charged in Count 2, in violation of Title 18, United States Code, Section 2113(a) and 2.

By entering pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.    **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty are as follows:

        a.     The elements of Arson, as charged in Count 1, are as follows:

First, the defendant maliciously damaged or destroyed, or attempted to damage or destroy, any building,

Second, the defendant did so by means of fire, and

Third, at the time of the fire or defendant's attempt to damage or destroy the building, the building was used in interstate commerce or was used in an activity affecting interstate commerce.

        b.     The elements of Attempted Burglary of a Federally Insured Credit Union, as charged in Count 2, are as follows:

First, the defendant entered or attempted to enter a federally insured credit union,

Second, the defendant entered or attempted to enter the federally insured credit union with the intent to commit a felony affecting such credit union or a larceny, and

Third, at the time the defendant entered or attempted to enter the federally insured credit union, the deposits of the credit union were insured by the National Credit Union Administration.

3.    **The Penalties**. Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

Plea Agreement - 2
*United States v. Taufete'e*, CR23-5000BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1         a.     For the offense of Arson, as charged in Count 1: A mandatory
2 minimum term of imprisonment of five years with a maximum term of 20 years, a fine of
3 up to $250,000.00, a period of supervision following release from prison of up to three
4 years, and a mandatory special assessment of $100.00.

5         b.     For the offense of Burglary of a Federally Insured Credit Union, as
6 charged in Count 2: A maximum term of imprisonment of up to 20 years, a fine of up to
7 $250,000.00, a period of supervision following release from prison of up to three years,
8 and a mandatory special assessment of $100.00 dollars. If a probationary sentence is
9 imposed, the probation period can be for up to five years.

10     Defendant understands that supervised release is a period of time following
11 imprisonment during which Defendant will be subject to certain restrictive conditions and
12 requirements. Defendant further understands that, if supervised release is imposed and
13 Defendant violates one or more of the conditions or requirements, Defendant could be
14 returned to prison for all or part of the term of supervised release that was originally
15 imposed. This could result in Defendant serving a total term of imprisonment greater than
16 the statutory maximum stated above.

17     Defendant understands that as a part of any sentence, in addition to any term of
18 imprisonment and/or fine that is imposed, the Court may order Defendant to pay
19 restitution to any victim of the offense, as required by law.

20     Defendant further understands that the consequences of pleading guilty may
21 include the forfeiture of certain property, either as a part of the sentence imposed by the
22 Court, or as a result of civil judicial or administrative process.

23     Defendant agrees that any monetary penalty the Court imposes, including the
24 special assessment, fine, costs, or restitution, is due and payable immediately and further
25 agrees to submit a completed Financial Disclosure Statement as requested by the United
26 States Attorney's Office.

27

Plea Agreement - 3
*United States v. Taufete'e*, CR23-5000BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty**. Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

Plea Agreement - 4
*United States v. Taufete'e*, CR23-5000BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

g.  The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.  The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a.  The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.  After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.  The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

Plea Agreement - 5
*United States v. Taufete'e*, CR23-5000BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1          d.     Defendant may not withdraw a guilty plea solely because of the
2 sentence imposed by the Court.

3     7.     **Ultimate Sentence**. Defendant acknowledges that no one has promised or
4 guaranteed what sentence the Court will impose.

5     8.     **Statement of Facts**. The parties agree on the following facts. Defendant
6 admits Defendant is guilty of the charged offenses:

7          a.     At just before 6:00AM on October 24, 2022, Tumwater Fire
8 Department personnel responded to a fire alarm activation at the OBee Credit Union
9 located at 3900 Cleveland Ave SE, Tumwater, WA. After suppressing flames coming
10 from the top of an ATM embedded in the exterior wall of the building, firefighters
11 noticed other damage to the building which prompted them to call Tumwater Police to
12 investigate a possible break-in attempt. Responding officers observed damage to the
13 ATM, the bank deposit box (also embedded in the exterior wall of the building), the
14 drive-thru teller window, and an exterior door. The damage included char and pry marks
15 and was consistent with someone attempting to access valuables inside the ATM and
16 night deposit box and attempting to enter the credit union. OBee Credit Union, which is
17 federally insured by the National Credit Union Administration and is a building used in
18 an activity affecting interstate commerce, had to close temporarily. The initial damage
19 estimate to the building was more than $100,000.00.

20          b.     Through reviewing surveillance footage from several external
21 cameras and other investigative reports, law enforcement identified Randall Taufete'e as
22 one of the two suspects who attempted to break in to the OBee Credit Union during the
23 early morning hours of October 24, 2022. The credit union's surveillance footage showed
24 that Taufete'e and his co-defendant spent over four hours using a variety of tools to
25 attempt the break-in, and that on at least two occasions during that four-hour span they
26 left the credit union and returned with additional tools. The credit union's surveillance
27 footage further showed that Taufete'e used an oxyacetylene torch, that is, fire, to damage

Plea Agreement - 6
*United States v. Taufete'e*, CR23-5000BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

and destroy the ATM, the bank deposit box, and the drive-thru teller window. Taufete'e admits he did the acts described above and that he acted maliciously in so doing.

   c. Taufete'e further admits that he attempted to break into the OBee Credit Union with the intent to steal cash and/or other monetary instruments. The final cost to repair the damage to the OBee Credit Union building is $198,018.85.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case. Pursuant to USSG §3D1.2(a) and (c), the offenses in Counts 1 and 2 group, with the applicable offense level for the group determined under the Arson guidelines, that is:

   a. A base offense level of 24, pursuant to USSG §2K1.4(a)(1)(B), because the offense involved the destruction or attempted destruction of a place of public use; and

   b. A three-level enhancement, pursuant to USSG §2B2.1(b)(2)(D), because the loss exceeded $95,000.00.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility**. At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will

Plea Agreement - 7
*United States v. Taufete'e*, CR23-5000BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Agreed Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend a total term of imprisonment of no more than 120 months. Defendant is free to recommend whatever sentence is authorized by law. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw the guilty pleas simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Restitution**. Defendant shall make restitution to OBee Credit Union in the amount of $198,018.85, with credit for any amounts already paid.

   a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that Defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

Plea Agreement - 8
*United States v. Taufete'e*, CR23-5000BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

b.      Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

c.      The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a). In

Plea Agreement - 9
*United States v. Taufete'e*, CR23-5000BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

addition, in any event, the government will consider Defendant's cooperation regarding restitution in making its sentencing recommendation.

13. **Forfeiture of Assets.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case.

Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, that constituted or was derived from proceeds traceable to his commission of the offenses of Arson, as charged in Count 1, and Attempted Burglary of a Federally Insured Credit Union, as charged in Count 2. All such property is subject to forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461.

Defendant further agrees to forfeit to the United States immediately Defendant's right, title, and interest in any explosive materials involved, used, or intended to be used in his commission of the offense of Arson, as charged in Count 1. All such property is subject to forfeiture, pursuant to Title 18, United States Code, Section 844(c).

Defendant agrees to fully assist the United States in the forfeiture of any such forfeitable property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant agrees not to file any claim to this forfeitable property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any

Plea Agreement - 10
*United States v. Taufete'e*, CR23-5000BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

interest or control, if said assets constitute or are derived from proceeds of, or were used or intended to be used to facilitate, the offenses of Arson or Attempted Burglary of a Federally Insured Credit Union, as charged in Counts 1 and 2 of the Indictment, or were explosive materials involved, used, or intended to be used in the Arson offense.

14. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

15. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation and moves to dismiss the remaining count in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16. **Breach, Waiver, and Post-Plea Conduct**. Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United

Plea Agreement - 11
*United States v. Taufete'e*, CR23-5000BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17. **Waiver of Appellate Rights and Rights to Collateral Attacks**. Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a.    Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

Plea Agreement - 12
United States v. Taufete'e, CR23-5000BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

      b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18.    **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter pleas of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19.    **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

20.    **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District

Plea Agreement - 13  
*United States v. Taufete'e*, CR23-5000BHS

UNITED STATES ATTORNEY  
1201 PACIFIC AVE., SUITE 700  
TACOMA, WASHINGTON 98402  
(253) 428-3800

of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 15th day of March 2024.

_____
RANDALL TAUFETE'E
Defendant

_____
ALLYSON BARKER
Attorney for Defendant

_____
SARAH Y. VOGEL
Assistant United States Attorney

_____
MARCI L. ELLSWORTH
Assistant United States Attorney

Plea Agreement - 14
United States v. Taufete'e, CR23-5000BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800