The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RANDALL TAUFETE'E, ) <br> ) <br> Defendant. ) <br> ) <br> ) | NO. CR23-5000BHS <br><br> DEFENSE SENTENCING MEMORANDUM |

Randall Taufete'e comes before the Court having plead guilty on March 15, 2024, to Arson, in violation of Title 18, United States Code, Sections 844(i) and 2, and Attempted Burglary of a Federally Insured Credit Union in violation of Title 18, United States Code, Sections 2113 and 2.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend a total term of imprisonment of no more than 120 months. Defendant is free to recommend whatever sentence is authorized by law.

Mr. Taufete'e requests that the Court impose a custodial sentence of 60 months followed by a three-year term of supervised release; order restitution in the amount of $198,018.85; and order payment of the mandatory fee of $200.00. A 60 month sentence achieves the ends of justice in this case by both accounting for the severity of the conduct and recognizing that

DEFENSE SENTENCING MEMORANDUM

Yelish & Barker
1963 Bethel Ave.
Port Orchard, WA 98366
YELISH & BARKER Telephone: (360) 876-9900

the primary motivation for this conduct was substance addiction following a particularly traumatic childhood.

## A. STATEMENT OF FACTS

On October 24, 2022 Mr. Taufete'e and Brandon Collado attempted to break in to the O'Bee Credit Union in Tumwater, Washington with an assortment of tools, including a crow bar, a saw, and a welding torch. Every method they tried failed to grant them access to the bank. But it did start a fire which required the response of the fire department. The entire attempted break in was captured by the bank's surveillance system, including the vehicle they arrived in. It is undisputed that the bank was heavily damaged and that repairs cost the bank $198,018.85.

Mr. Taufete'e has been in custody since his arrest by Tumwater Police Department (TPD) on October 27, 2022. He was recognized by TPD because of their prior contacts with him and they saw a vehicle in the passenger compartment of the vehicle he had been riding in. After he was arrested, a search warrant was obtained for the Subaru vehicle he had been riding in. Items in the vehicle matched items seen on the O'Bee Credit Union surveillance system.

Mr. Taufete'e and Mr. Collado were indicted by a Grant Jury on January 4, 2023, on charges of Arson, Attempted Burglary of a Federally Insured Credit Union, and Use of Fire to Commit a Felony. Dkt. 3. Agents arrested Collado the following week. He pled guilty to Attempted Burglary of a Federally Insured Credit Union and was sentenced to a 30-month term of imprisonment. Dkt 73.

DEFENSE SENTENCING MEMORANDUM



Yelish & Barker
1963 Bethel Ave.
Port Orchard, WA 98366
Telephone: (360) 876-9900

Mr. Taufete'e was brought before this court on a writ issued to the Washington Department of Corrections. Dkts. 21, 37. Sentencing is set for June 24, 2024.

### B.  GUIDELINES CALCULATION

Mr. Taufete'e agrees with the Government that the Arson and Attempted Burglary of a Federal Credit Union counts group for purposes of the Guidelines calculations, because they involve the same victim and the same transaction. PSR ¶ 17; USSG §§ D1.1, 3D1.2. Arson carries the higher, undisputed base offense level (24), applicable because the offense involved the attempted destruction of a place of public use. PSR ¶ 18; USSG §2K1.4(a)(1). Mr. Taufete'e has no objection to the government's position regarding the three-level enhancement for the loss amount under USSG §2B2.1(b)(2)(D). PSR ¶ 19 n.2.  Based on the Government's representation of their decision not to seek that enhancement, Mr. Taufete'e is no longer making a joint recommendation for that enhancement.

    Mr. Taufete'e is requesting that the court not impose a two-level enhancement for the use of a special skill under USSG §3B1.3 because operation of an oxyacetalyne torch is not a special skill, and because it did not significantly facilitate the commission of the offense.

A special skill under the guidelines is one "not possessed by members of the general public and usually requiring substantial education, training or licensing. Examples would include pilots, lawyers, doctors, accountants, chemists, and demolition experts."  Although cutting with an oxy-acetelyne torch is a taught in welding programs, it is also something that people who have not attended a welding program can easily learn how to do by watching

DEFENSE SENTENCING MEMORANDUM



Yelish & Barker
1963 Bethel Ave.
Port Orchard, WA 98366
Telephone: (360) 876-9900

instructional videos on the internet.  Additionally, unlike the skills listed in the Guidelines Manual, it does not require any liscensing and the equipment used is not regulated.  Using an oxy-acetelyne torch is easy to learn how to do and the equipment is readily available, therefore it is not a special skill.

Use of the oxy-acetelyene torch should not be considered use of a special skill because it did not *significantly* facilitate the commission of the offense. The stated intent of Mr. Taufete'e in this case was to break in to the credit union in order to steal money.  He used a pry bar and a saw in addition to the torch.  The use of the torch was no more effective in getting him access to the bank than the pry bar or the saw.  Because using the torch did not make it easier for him to commit the Attempted Burglary than any of the other tools his used, it did not significantly facilitate the commission of the offense.  Therefore, the two point enhancement for use of a special skill should not be applied.

### C. SENTENCING RECOMMENDATION AND JUSTIFICATION

At sentencing this Court should consider (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need to afford adequate deterrence to criminal conduct; (5) the need to protect the public from further crimes of the defendant; (6) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8)

DEFENSE SENTENCING MEMORANDUM



Yelish & Barker
1963 Bethel Ave.
Port Orchard, WA 98366
Telephone: (360) 876-9900

the need to provide restitution to victims; (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. 18 USC §3553.

1. **Nature and Circumstances of the Offense**

In this case, a 60 month sentence is adequate to account for the impact Mr. Taufete'e's conduct had on his community. Although the damage to the O'Bee Credit Union required costly repairs, Mr. Taufete'e did not physically harm anyone though his conduct. No money was stolen from the bank. The Government points to the amount of damage in support of the argument that this was a serious crime, however, it should be viewed in comparison to other ways these crimes could have been committed. An arson requires maliciously damaging or destroying a building or attempting to do so by means of fire. These elements potentially encompass damage ranging from minimal damage to complete destruction. In comparison to how much more the building could have been damaged and constituted the same charge as minimal damage, the damage to the O'Bee Credit union falls on the low end of potential Arson damage.

The circumstances surrounding the offense that Mr. Taufete'e described in his presentence interview involved him being actively addicted to fentanyl and methamphetamine at the time these crimes were committed. He detailed having to use more and more often, which affected what he needed to do to continue supporting his addication. Had is substance abuse issues not reached the point they did, it is doubtful that Mr. Taufete'e would have committed these crimes.

DEFENSE SENTENCING MEMORANDUM



Yelish & Barker
1963 Bethel Ave.
Port Orchard, WA 98366
Telephone: (360) 876-9900

**2. Seriousness of the Offense, Respect of the Law, and Just Punishment**

Sixty months is a significant period of time for Mr. Taufete'e to be incarcerated. His longest sentence prior to this was thirty-four months. His co-defendant, Brandon Collado, received a sentence of 30 months. The seriousness of Mr. Taufete'e's conduct should be judged in comparison to the damage that he could have cause via arson.

The government points to one interaction that Mr. Taufete'e had with law enforcement after being released from prison early and his criminal history as evidence that he does not respect the law. In considering whether Mr. Taufete'e's interactions with law enforcement and his criminal history indicate that he lacks respect for the law, the court should consider the context of those behaviors, which according to the history provided in the presentence interview was heavily influenced by a nearly lifelong pattern of substance abuse.

**3. History and Characteristices of the Defendant**

In the presentence interview, and as is reflected in the PSR, Mr. Taufete'e described a childhood filled with almost every adverse childhood experience contemplated by the ACES questionnaire. The amount of trauma he experienced is extreme even in comparison with other people involved in the criminal justice system. Mr. Taufete'e experiences in childhood and early adulthood are the likely source of his self medication with controlled substances.

Because his personal history is so rife with instances of abuse and neglect, he does not have similar characteristics to "average" offenders with his offense and criminal history. Therefore, the 90 month senentence suggested in the PSR as average for this offense is too

DEFENSE SENTENCING MEMORANDUM

Yelish & Barker
1963 Bethel Ave.
Port Orchard, WA 98366
Telephone: (360) 876-9900

high to fairly account for how much his life circumstances contributed to his substance abuse, which in turn contributed to his commission of this crime.

### 4. Deterrence and Protection of the Public

Sixty months of incarceration would be a significant increase over the time Mr. Taufete'e has previously served. Involvement in the federal system has been a wake-up call for him. The possible punishments alone have made an impression on him and already provided a deterrent effect on him.

The additional time the Government is asking the court to impose will not impose additional deterrent effect over the difference between his prior sentences and 60 months. Additionally, Mr. Taufte'e is enthusiastically pursuing drug treatment, including the RDAP program. His sobriety is what will most protect the public, and additional time beyond 60 months will not be needed to protect the public once he has completed treatment and is being supervised on community custody.

### 5. Training, Medical Care, and Treatment

Providing for mental health care and treatment is likely the most important thing a custodial sentence can provide to Mr. Taufete'e. His mental health struggles due to trauma likely have a significant impact on his drug use.

### D. RESTITUTION

Mr. Taufete'e agrees that restitution is mandatory under Title 18, United States Code, Section 3663A. Mr. Taufete'e's plea included his acknowledgement of this

DEFENSE SENTENCING MEMORANDUM



Yelish & Barker
1963 Bethel Ave.
Port Orchard, WA 98366
Telephone: (360) 876-9900

joint and several restitution obligation and agreement to cooperate in paying it. Dkt. 79 at pp.8-10. The amount of loss to O Bee Credit Union is $198,018.85; because the loss amount was covered by O Bee's insurance carrier, CO/Action, restitution is due to the insurance carrier.

### E.  CONCLUSION

For the above reasons, Mr. Taufete'e respectfully requests that the Court impose a term of 60 months imprisonment followed by three years of supervised release, and impose the $100 mandatory special assessment and restitution.

Dated this 17th day of June, 2024.

Respectfully submitted,

s/ Allyson Barker
Allyson L. Barker
Yelish & Barker, PLLC
Port Orchard, WA 98366
(360) 876-9900
allyson@yelishbarker.com

DEFENSE SENTENCING MEMORANDUM



Yelish & Barker
1963 Bethel Ave.
Port Orchard, WA 98366
Telephone: (360) 876-9900

**CERTFICATE OF SERVICE**

I hereby certify that on June 17, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to each participant in this case.

DATED this 17th day of June, 2024.

/s/ *Allyson L. Barker*_____

Allyson L. Barker
WSBA #35448
Attorney for Defendant

DEFENSE SENTENCING MEMORANDUM



Yelish & Barker
1963 Bethel Ave.
Port Orchard, WA 98366
Telephone: (360) 876-9900